**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4317**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HOWARD ZERKLE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:06-cr-00207-WLO)

_____

Submitted:  October 15, 2007      Decided:  October 26, 2007

_____

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard Zerkle pled guilty pursuant to a plea agreement to one count of making false statements on a bank loan application, in violation of 18 U.S.C.A. §§ 1014, 2 (West 2000 & Supp. 2007); money laundering, in violation of 18 U.S.C. §§ 1957(a), (b), 2 (2000); and two counts of mail fraud, in violation of 18 U.S.C.A. § 1341 (West Supp. 2007). He was sentenced to sixty-nine months' imprisonment and three years' supervised release. The sixty-nine months was near the middle of the advisory Sentencing Guidelines range of imprisonment. On appeal, Zerkle contends the sentence is unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). We affirm.

We will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Although the guidelines are no longer mandatory, they must still be consulted and taken into account when sentencing. United States v. Booker, 543 U.S. 220, 264 (2005). A sentence within a properly calculated advisory guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see Rita v. United States, 127 S. Ct. 2456 (2007) (upholding presumption of reasonableness). This presumption can only be rebutted by showing the sentence is

unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

"After Booker, sentencing requires two steps. First, the district court must consult the Sentencing Guidelines and correctly calculate the range provided by the Guidelines. Second, the court must consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) and then impose a sentence." United States v. Eura, 440 F.3d 625, 632 (4th Cir. 2006) (citations omitted), petition for cert. filed (June 20, 2006) (No. 05-11659). "In doing so, the district court should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law." United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). "If an appropriate basis for departure exists, the district court may depart. If the resulting departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-guideline sentence (a 'variance sentence')." Id.

We find the sentence reasonable. Given the seriousness of the offense, the number of victims involved and the need to deter others from engaging in the same conduct, Zerkle failed to rebut the presumption of reasonableness. Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in

- 3 -

the materials before the court and argument would not aid the decisional process.

AFFIRMED